Clifford L. SWANSON, Appellee,

v.

WEST PUBLISHING
COMPANY, Appellant.

No. 87–5408.

United States Court of Appeals,
Eighth Circuit.

Argued Oct. 18, 1988.

Submitted Feb. 23, 1989.

Decided March 13, 1989.

Vance K. Opperman, Minneapolis, Minn.,
for appellant.

Neil P. Convery, St. Paul, Minn., for appellee.

Before ARNOLD and MAGILL,
Circuit Judges, and ROSS, Senior
Circuit Judge.

ARNOLD, Circuit Judge.

On this appeal, West Publishing Company, which was defendant in the court below, disputes the authority of the District Court to amend its judgment. Originally, the District Court dismissed with prejudice all of the federal claims asserted by plaintiff Clifford L. Swanson in this action arising out of his discharge by the defendant, his employer. Swanson's state-law claims were dismissed without prejudice. Later, on motion of Swanson under Fed.R.Civ.P. 60(b), the District Court amended its order. Instead of dismissing without prejudice the state-law claims, it simply remanded them to the state court. (The action had originally been brought in a state court and had been removed to the federal court by the defendant.)

The defendant West objects that the District Court was without jurisdiction to amend its order in this fashion. The motion under Rule 60(b) was filed after the time for appeal had expired, and West contends that the motion was therefore untimely. This all matters (or, but for subsequent events which we are about to recount, would have mattered) because the effect of a dismissal without prejudice of Swanson's state claims would be to require that he file a new action in the state courts in order to raise them. A remand, on the other hand, would simply be a continuation in the state courts of the case originally filed there. In the case of a new action, West would be able, or so it says, to assert a defense of limitations, a defense that would not be available if the case is merely a continuation of the original complaint, which was timely when first filed in the state courts.

Events occurring since the oral argument in this case make this question moot. On March 22, 1988, before the argument, the District Court of Ramsey County, Minnesota, Second Judicial District, grant-

ed West's motion for summary judgment and dismissed plaintiff's state-law complaint with prejudice. This action was taken on the merits, and not on the basis of any plea of limitations. *Clifford L. Swanson v. West Publishing Co.*, Nos. 475879, 493194 (order and memorandum filed March 22, 1988). Later, after the oral argument on this appeal, this judgment was affirmed by the Minnesota Court of Appeals. No. C–9–88–1553 (opinion filed January 17, 1989) [1989 WL 1556] It was still open to Swanson to seek review in the Supreme Court of Minnesota, but his counsel informed us on February 23, 1989, that he did not intend to seek review.

Accordingly, the state courts have rendered a final judgment, not subject to further review, on the merits against Swanson on his state-law claims. The ability of West to plead the statute of limitations as to these claims is no longer important. Whatever we might decide with regard to the District Court's authority to enter the order appealed from, the disposition of the controversy between West and Swanson would be unchanged. That controversy has now been concluded without the state courts' ever having to decide the limitations point.

It follows that this appeal is moot. The appeal will therefore be dismissed on that basis, and the cause remanded to the District Court with directions to vacate the order appealed from as moot.

It is so ordered.